SIGNORE v. The FERNGULF et al.

United States District Court
S. D. New York.
Feb. 26, 1952.

---

3.   See also Hann v. Venetian Blind Corporation, D.C., 1936, 15 F.Supp. 372.

William L. Standard, New York City, Louis R. Harolds, New York City, of counsel, for libelant.

Haight, Deming, Gardner, Poor & Havens, New York City, J. Ward O'Neill, New York City, of counsel, for respondent.

Thomas F. Keane, Brooklyn, N. Y., James J. McIntosh, Brooklyn, N. Y., of counsel, for respondent-impleaded.

IRVING R. KAUFMAN, District Judge.

I find in this case that the longshoreman or stevedore who was injured, Mr. Anthony A. Signore, was injured because of the manner in which the stevedores with whom he was working had carried out their work.

Atlantic Stevedoring Company, Inc., respondent-impleaded, was paid to load the S.S. Ferngulf. Control of those parts of the ship concerned with loading and unloading was completely surrendered to the stevedore in charge of loading and unloading. These stevedores, while in control, created the very condition complained of in the instant case.

It is the contention of the libelant that he was injured by reason of the fact that a faulty sling was used in lowering the dunnage in question. I find that the sling which was used was supplied by the stevedoring company and not by the ship.

I find further that the sling was tied by another stevedore who, like libelant, was also an employee of respondent-impleaded.

Indeed, the stevedoring company is employed to perform operations such as this loading and unloading, and its performs them almost every day of the year. It therefore is possessed of a great deal more experience on the subject than is any member of the ship's crew.

If, as the libelant contends, wire hooks should have been used instead of the rope sling, I can only add to that contention the further fact that the longshoreman connected with that operation did not do what he should have done.

The deck man, an employee of the Atlantic Stevedoring Company who testified in behalf of the libelant, stated that he made up the draft by securing the sling and ordering it lowered away, and that he believed that the sling was properly tied when he ordered it lowered.

The ship did not make up the draft of dunnage. It did not have the duty of supervising the making of that draft and it had no notice that faulty gear was being used or that the gear was faultily secured.

True, as the libelant urges, there are ship's officers on board to perform certain supervisory functions, but these functions primarily involve the duty of seeing that no injury is done to the cargo, for the officers have responsibility to the cargo to make certain that it is properly stowed. The reason for this is that they are charged with the duty of having that cargo properly secured while the ship is in passage.

They are further interested in seeing that no injury is done to the ship itself in the loading and unloading processes. This, however, is a far cry from any conclusion to the effect that they are charged with the obligation of supervising the loading of each draft of dunnage, or that they may be charged with the negligence of the stevedoring company, if there was such negligence, in using and securing this rope sling. Such a contention is singularly empty when, as here, none of the ship's personnel had any actual knowledge that that was an improper method of rigging the sling.

See Lauro v. U. S., 2 Cir., 162 F.2d 32; Riley v. Agwilines, Inc., 296 N.Y. 402, at page 407, 73 N.E.2d 718, at page 720. In the latter case the Court stated: "The maritime law imposes no liability upon a vessel or its owner when a longshoreman employed by a stevedoring corporation engaged in loading or discharging the vessel

is injured because of the manner in which the longshoremen carry on the work or because of their failure to use appliances furnished for their use * * *." See also Atlantic Transport v. State of Maryland, 4 Cir., 259 F. 23.

I therefore conclude that there is no liability on the part of the respondent. I direct judgment in favor of the respondent and dismiss the impleading petition.

Let the appropriate decree, proposed findings of fact and conclusions of law be submitted.